## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

| | |
|---|---|
| STEVEN MORRIS COHEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JESS M. MARTINEZ, M.D., GEORGIA EMERGENCY ASSOCIATES, P.C., a Georgia Professional Corporation, GLYNN- BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS, a Georgia Corporation, JONATHAN M. WINSTEAD, M.D., GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC, a Georgia Limited Liability Company, and MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC., a Georgia corporation,<br><br>Defendants. | **COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Case No.: _____<br><br>Judge: _____ |

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

COMES NOW, Plaintiff, STEVEN MORRIS COHEN, (hereinafter referred to as "Plaintiff") in the above-captioned case, and states his Complaint against Defendants, JESS M. MARTINEZ, M.D., (hereinafter referred to as "Defendant" and/or " Dr. Martinez"); GEORGIA EMERGENCY ASSOCIATES, P.C., (hereinafter referred to as "Defendant and/or "GEA"); GLYNN BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a

SOUTHEAST GEORGIA HEALTH SYSTEM- CAMDEN CAMPUS (hereinafter referred to as "Defendant" or "SEGHS"); JONATHAN M. WINSTEAD, M.D., (hereinafter referred to as "Defendant" and/or "Dr. Winstead"); GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC, (hereinafter referred to as "Defendant" and/or "GEPS"); and MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC. (hereinafter referred to as "Defendant" and/or "Memorial"), and in support thereof states as follows:

## JURISDICTION & VENUE

1.      Plaintiff, STEVEN MORRIS COHEN, resides at 4405 Coquina Drive, Jacksonville Beach, Duval County, Florida 32250.

2.      This Court has subject matter jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332.

3.      This Court has personal jurisdiction over Defendant, JESS M. MARTINEZ, M.D., as he is Georgia licensed physician and at all relevant times described herein, this Defendant (a) transacted business in the State of Georgia; and/or (b) committed tortious acts in Georgia causing injury. Service of process may be perfected upon this Defendant by serving him at his office at 2000 Dan Proctor Dr., St. Mary's, Camden County, Georgia 31558.

4.      This Court has personal jurisdiction over Defendant, GEORGIA EMERGENCY ASSOCIATES, P.C., as it is a Georgia Professional Corporation with its headquarters located in Savannah, Chatham County. Service of process may be perfected upon this Defendant by serving its registered agent, Brian J. Kornblatt, at 5 Executive Circle, Savannah, Chatham County, Georgia 31416.

5.      This Court has personal jurisdiction over Defendant, GLYNN-BRUNSWICK HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS, as it is a Georgia Corporation located in St. Mary's, Camden County, and is licensed and authorized to provide hospital and nursing services and care and treatment to patients. Service of process may be perfected upon this Defendant by serving its registered agent, Carlton A. DeVooght, at 2415 Parkwood Drive, Brunswick, Glynn County, Georgia 31520.

6.      This Court has personal jurisdiction over Defendant, JONATHAN M. WINSTEAD, M.D., as he is Georgia licensed physician and at all relevant times described herein, this Defendant (a) transacted business in the State of Georgia; and/or (b) committed tortious acts in Georgia causing injury. Service of process may be perfected upon this Defendant by serving him at his office at 4700 Waters Avenue, Savannah, Chatham County, Georgia 31404.

7.      This Court has personal jurisdiction over Defendant, GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC, as it is a Georgia Limited Liability Company with its headquarters located in Savannah, Chatham County. Service of process may be perfected upon this Defendant by serving its registered agent, Jason Stillwagon, at 4700 Waters Avenue, Savannah, Chatham County, Georgia 31404.

8.      This Court has personal jurisdiction over MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC., as it is a Georgia Corporation located in Savannah, Chatham County, and is licensed and authorized to provide hospital and nursing services and care and treatment. Service of process may be perfected upon this Defendant by serving its registered

agent, Memorial Health Corporate Services, Inc., at 4700 Waters Ave., Savannah, Chatham County, Georgia 31404.

9.    The amount in controversy in this matter exceeds $75,000.00, exclusive of interests and costs.

## PARTIES

10.    Plaintiff, STEVEN MORRIS COHEN, is and was at all relevant times a citizen of Jacksonville Beach, Duval County, Florida.

11.    Defendant, JESS M. MARTINEZ, is and was a medical doctor licensed by the State of Georgia and practicing in St. Mary's, Georgia as an emergency room physician employed by Defendant, GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS, and Defendant, GEORGIA EMERGENCY ASSOCIATES, P.C.

12.    Defendant, GEORGIA EMERGENCY ASSOCIATES, P.C., is a Georgia Professional Corporation, engaged in business consisting of the operation of an emergency medicine physician group and providing emergency medicine physician employees and related healthcare services to local hospitals, including but not limited to, Defendant, GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS.

13.    Defendant, GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS, is a Georgia Corporation with its principal place of business in St. Mary's, Georgia consisting of the

operation of a hospital, hospital emergency department, and providing related healthcare services.

14.     Defendant, JONATHAN M. WINSTEAD, M.D., is and was a medical doctor licensed by the State of Georgia and practicing in Savannah, Georgia as an emergency room physician employed by Defendant, MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC., and Defendant, GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC.

15.     Defendant, GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC, is a Georgia Limited Liability Company, engaged in business consisting of the operation of an emergency medicine physician group and providing emergency medicine physician employees and related healthcare services to local hospitals, including but not limited to, Defendant, MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC.

16.     Defendant, MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC. is a Georgia Corporation with its principal place of business in Savannah, Georgia consisting of the operation of a hospital, hospital emergency department, and providing related healthcare services.

## FACTUAL ALLEGATIONS

17.     On December 17, 2011, between 11:00 a.m. and 12:00 p.m., Plaintiff was involved in a diving incident that caused decompression sickness.

18.     Plaintiff arrived via EMS to the Emergency Department at Defendant, SEGHS, at approximately 1:50 p.m. and presented with signs and symptoms of severe decompression sickness including dizziness, weakness, tingling, numbness in the extremities, confusion and

other signs and symptoms described herein below that are consistent with decompression sickness.

19.     Defendant, Dr. Martinez, admitted Plaintiff and placed him on 100% oxygen by mask.

20.     At approximately 2:17 p.m., a helicopter transfer was arranged to transport Plaintiff to Defendant, Memorial, in Savannah, Georgia. It was scheduled to arrive at approximately 3:00 p.m.

21.     Plaintiff was suffering decompression sickness, was not competent, and was confused due to nitrogen narcosis.

22.     Defendant, Dr. Martinez, attempted to communicate with Plaintiff about treatment options and Plaintiff was confused about whether he needed hyperbaric treatment. In the face of Plaintiff's evident confusion, Defendant, Dr. Martinez, allowed Plaintiff to make decisions regarding his own medical treatment and ordered that the helicopter transport be cancelled.

23.     Family and friends arrived in the afternoon. Plaintiff's father and girlfriend requested the nursing staff to arrange his transfer to a hospital with advanced hyperbaric treatment facilities.

24.     At 4:55 p.m., Defendant, Memorial, was contacted for transfer acceptance.

25.     At 5:42 p.m., Plaintiff was discharged to be transferred, via ambulance, to Defendant, Memorial, in Savannah, Georgia for hyperbaric treatment. By this point, Plaintiff's symptoms had progressed and he was unable to move his arms and legs.

26.     Plaintiff arrived at Defendant, Memorial, in Savannah, Georgia at approximately 7:00 p.m.

27.     Plaintiff was examined by Defendant, Dr. Winstead, and was found to have depleted strength and movement in his upper extremities. He was unable to move his legs or toes at all and his symptoms were consistent with type II decompression sickness.

28.     Defendant, Dr. Winstead, ordered hyperbaric oxygen therapy and admitted Plaintiff to the internal medicine service for observation. Defendant, Dr. Winstead, noted that Plaintiff had an imminent chance of deterioration and that hyperbaric treatment should be commenced immediately.

29.     Plaintiff waited for over two (2) hours from the time he arrived for the hyperbaric chamber to be prepared. Specifically, Plaintiff had to wait for the hyperbaric oxygen technician to arrive at the hospital.

30.     Plaintiff received his first hyperbaric treatment at 9:11 p.m. on December 17th, more than seven hours after arriving at the first emergency room.

31.     At the time Plaintiff received his first hyperbaric treatment, he was unable to move his legs, ankles, toes and his handgrips and arms were extremely weak.

32.     Plaintiff received numerous hyperbaric treatments over the next three days, but his condition continued to deteriorate.

33.     On December 20th, an MRI was performed and the results showed infarct damage between the C2 and C6 levels and increased signals from C2 to C6 and T7 to T12. The delay in treatment to dissolve the nitrogen bubbles in Plaintiff's circulatory system and body tissues resulted in extensive damage to the nerve fibers of the spinal cord.

34.     On December 23rd, Plaintiff had a rehabilitation consultation and evaluation and he was diagnosed with quadriparesis.

35.     As a result of Defendants' acts and omissions, Plaintiff, Steven Morris Cohen, suffered serious personal injuries and sustained attendant damages. See, the Affidavit of Keith Van Meter, M.D. F.A.C.E.P, attached hereto as, Exhibit 1.

36.     Based upon the holdings in Allen v. Wright, 282 Ga. 9 (2007); Crisp Regional Hospital, Inc. v. Sanders, 281 Ga. App. 393 (2006) and Northlake Medical Center, LLC v. Queen, 280 Ga. App. 510 (2006), Plaintiff has not attached an executed medical authorization form as prescribed by O.C.G.A. § 9-11-9.2 as said statute is preempted by federal law.

## DAMAGES

37.     Before Plaintiff's diving incident, he weighed 225 pounds and he was fully mobile and was able to care for himself independently. When Plaintiff was discharged with a quadriparesis diagnosis, his physical functional status was very different than it was on the morning of December 17, 2011, before his dive.  Plaintiff went from being a very independent and physically fit man to a man forced to be dependent on others for his very survival. He is an incomplete quadriplegic and requires assistance moving from a sit to a stand position, he is unable to ambulate, he is incontinent of his bowels and his bladder, and he requires supervision with bathing and assistance with dressing. He is wheelchair dependent.

38.     As a direct and proximate result of the duties and failures described herein by all named Defendants, Plaintiff requires intensive and daily rehabilitation treatments and is an incomplete quadriplegic.

39.     All named Defendants negligently breached duties to Plaintiff, resulting in injuries to Plaintiff including bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

40.     At all times material hereto, Defendants grossly deviated from the prevailing professional standards of care which adversely affected and directly and proximately caused and/or contributed to Plaintiff's medical condition of incomplete quadriplegia, within a reasonable degree of medical probability.

41.     Alternatively, at all times material hereto, Defendants' conduct demonstrated a reckless disregard which is equivalent to the failure to exercise even a slight degree of care for the consequences of their conduct so as to affect the life or health of Plaintiff, as stated herein.

42.     The undersigned attorneys were retained and claim reasonable attorney's fees herein.

**COUNT I – MEDICAL NEGLIGENCE AGAINST
JESS M. MARTINEZ, M.D. and GEORGIA EMERGENCY ASSOCIATES,
P.C.**

43.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

44.     At all times material hereto, a doctor-patient relationship existed between Plaintiff and Defendant, GEA, specifically by and through Defendant, Dr. Martinez.

45.     Defendants, Dr. Martinez and GEA, billed for emergency medical services rendered to the Plaintiff.

46.     Defendants, Dr. Martinez and GEA, had non-delegable duties to render emergency medical services appropriately and adequately pursuant to billing for these services and Dr. Martinez was acting on GEA's behalf in fulfilling those services.

47.     On or about December 17, 2011, Plaintiff presented to the Emergency Department at SEGHS where he was assigned to Defendant, Dr. Martinez, for medical care and treatment as described herein. Defendant, Dr. Martinez, accepted Plaintiff as a patient, thereby establishing a physician-patient relationship.

48.     Defendant, Dr. Martinez, failed to appropriately assess, monitor, diagnose and treat Plaintiff's condition, including progressing decompression sickness, as described herein.

49.     Defendants, Dr. Martinez and GEA, owed Plaintiff a duty to provide medical care and treatment to him which met or exceeded the prevailing standard of care for Emergency Department physicians.

50.     Defendants, Dr. Martinez and GEA, failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

51.     Defendant, GEA, by and through its employees, including Dr. Martinez, failed to meet the applicable prevailing professional standard of care in the treatment he provided to Plaintiff, and thus breached the duty owed to Plaintiff, including, without limitation, failing

to adequately assess, monitor, diagnose and treat Plaintiff's decompression sickness on or about December 17, 2011. Defendant, GEA's, failures, by and through its employees, including Dr. Martinez, to provide appropriate care include, without limitation:

    (a)    Failure to adequately assess Plaintiff upon his presentation to the Emergency Department on December 17, 2011 commencing at approximately 1:50 p.m.;

    (b)    Failure to recognize that Plaintiff was suffering from severe organic brain dysfunction as a result of his decompression sickness;

    (c)    Failure to recognize that Plaintiff was suffering from decompression sickness related confusion to the extent that he did not have the ability to advocate for himself or make medical decisions on his own behalf;

    (d)    Failure to timely, adequately, and appropriately implement measures to transfer Plaintiff to a facility where he could receive timely hyperbaric therapy; and

    (e)    Failure to adequately reassess Plaintiff and to require Plaintiff to be transported to the closest available hyperbaric treatment center in light of the continuing progression of Plaintiff's decompression sickness.

52.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income and loss of the ability to earn income. In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendants, Dr. Martinez, and GEA, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendants, Jess M. Martinez, M.D. and Georgia Emergency Associates, P.C.

## COUNT II – MEDICAL NEGLIGENCE AGAINST GLYNN BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS - DIRECT LIABILITY

53.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

54.     As a result of Plaintiff's presentation to Defendant, SEGHS, the employees, representatives and/or agents of Defendant, SEGHS, owed Plaintiff a duty to meet the prevailing professional standard of care for Emergency Departments and hospitals and to provide emergency medical services.

55.     Defendant, SEGHS, and its employees, representatives and/or agents failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

56.     Defendant, SEGHS, and its employees, representatives and/or agents breached a duty to Plaintiff by allowing him to develop life-threatening conditions and permanent physical impairment, including incomplete quadripareses.  Defendant, SEGHS's, failure to provide appropriate care includes, without limitation:

   (a)     Failure to adequately assess Plaintiff upon his presentation to the Emergency Department on December 17, 2011 commencing at approximately 1:50 p.m.;

   (b)     Failure to recognize that Plaintiff was suffering from severe organic brain dysfunction as a result of his decompression sickness;

(c)     Failure to recognize that Plaintiff was suffering from decompression sickness related confusion to the extent that he did not have the ability to advocate for himself or make medical decisions on his own behalf;

(d)     Failure to timely, adequately, and appropriately implement measures to transfer Plaintiff to a facility where he could receive timely hyperbaric therapy; and

(e)     Failure to adequately reassess Plaintiff and to require Plaintiff to be transported to the closest available hyperbaric treatment center in light of the continuing progression of Plaintiff's decompression sickness.

57.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendant, SEGHS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Glynn-Brunswick Memorial Hospital Authority d/b/a Southeast Georgia Health System-Camden Campus.

## COUNT III – MEDICAL NEGLIGENCE AGAINST GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS – *VICARIOUS LIABILITY*

58.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42, and 44-52.

59.     Defendant, Dr. Martinez, was an employee and/or actual agent of Defendant, SHGS, on December 17, 2011.

60.     At all times material hereto, Defendant, SEGHS, is liable and responsible for the negligent and tortious conduct of Defendants, Dr. Martinez and GEA, because Dr. Martinez was acting within the scope of his employment under the doctrine of *Respondeat Superior*.

61.     As a result of Plaintiff's subject presentation to Defendant, SEGHS', emergency department, Defendant, SEGHS, owed Plaintiff a duty to meet the prevailing professional standard of care for Emergency Departments and hospitals.

62.     Defendant, SEGHS, had non-delegable duties to provide appropriate and competent emergency services to Plaintiff. Said non-delegable duties arise from state and federal law mandating that the hospital provide these services, the licensure of Defendant, SEGHS, which authorizes and requires it to provide these services, the contracts between Defendant, Dr. Martinez, and Defendant, SEGHS, the bills submitted to Plaintiff, and contractual duties owed to Plaintiff.

63.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income. In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, SEGHS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant Glynn-Brunswick Memorial Hospital Authority d/b/a Southeast Georgia Health System-Camden Campus.

## COUNT IV – ORDINARY NEGLIGENCE AGAINST GLYNN-BRUNSWICK MEMORIAL HOSPITAL AUTHORITY d/b/a SOUTHEAST GEORGIA HEALTH SYSTEM-CAMDEN CAMPUS

64.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

65.     At all times material hereto, employees, representatives and/or agents of Defendant, SEGHS, were negligent in taking care of the Plaintiff while a patient at SEGHS.

66.     Specifically, employees, representatives and/or agents of Defendant, SEGHS, were negligent in taking care of the Plaintiff while a patient at SEGHS for reasons including, but not limited to, failures in communicating, handling and facilitating the timely and appropriate transfer of Plaintiff to a medical facility that could provide timely and appropriate treatment for decompression sickness.

67.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, SEGHS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Glynn-Brunswick Memorial Hospital Authority d/b/a Southeast Georgia Health System-Camden Campus.

## COUNT V – MEDICAL NEGLIGENCE AGAINST GEORGIA EMERGENCY ASSOCIATES, P.C. – *RESPONDEAT SUPERIOR*

68.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

69.     At all times material hereto, Defendant, Dr. Martinez, was an employee and/or actual agent of Defendant, GEA, on December 17, 2011, at the time of the negligence and tortious conduct, as set forth in this Complaint.  Defendant, Dr. Martinez, was acting within the scope of his employment with Defendant, GEA.

70.     At all times material hereto, Defendant, GEA, is liable and responsible for the negligent and tortious acts of Defendant, Dr. Martinez, because he was acting within the course and scope of his employment under the doctrine of *Respondeat Superior.*

71.     Defendant, GEA, had non-delegable duties to provide appropriate and competent emergency services to Plaintiff.  Said non-delegable duties arise from the licensure of Defendant, GEA, which authorizes it to provide these services, the contracts between Defendant,  Dr. Martinez, and Defendant, GEA, the bills submitted to Plaintiff, and contractual duties owed to Plaintiff.

72.     Defendant, GEA, and its employees, representatives and/or agents failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

73.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income and loss of the ability to earn income. In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendant, GEA, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

        WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorneys fees, pre-judgment interest, damages and costs against Defendant, Georgia Emergency Associates, P.C.

## COUNT VI – ORDINARY NEGLIGENCE AGAINST GEORGIA EMERGENCY ASSOCIATES, P.C.

74.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

75.     At all times material hereto, employees, representatives and/or agents of Defendant, GEA, were negligent in taking care of the Plaintiff while a patient at SEGHS.

76.     Specifically, employees, representatives and/or agents of Defendant, GEA, were negligent in taking care of the Plaintiff while a patient at SEGHS for reasons including, but not limited to, failures in communicating, handling and facilitating the timely and appropriate transfer of Plaintiff to a medical facility that could provide timely and appropriate treatment for decompression sickness.

77.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income. In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, GEA, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Georgia Emergency Associates, P.C.

### COUNT VII – MEDICAL NEGLIGENCE AGAINST JONATHAN M. WINSTEAD, M.D. and GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC

78.    Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

79.    At all times material hereto, a doctor-patient relationship existed between Plaintiff and Defendant, GEPS, specifically by and through Defendant, Dr. Winstead.

80.    Defendants, Dr. Winstead and GEPS, billed for emergency medical services rendered to the Plaintiff.

81.    Defendants, Dr. Winstead and GEPS, had non-delegable duties to render emergency medical services appropriately and adequately pursuant to billing for these services and Dr. Winstead was acting on GEPS' behalf in fulfilling those services.

82.     On or about December 17, 2011, Plaintiff presented to the Emergency Department at Memorial where he was assigned to Defendant, Dr. Winstead, for medical care and treatment as described herein. Defendant, Dr. Winstead, accepted Plaintiff as a patient, thereby establishing a physician-patient relationship.

83.     Defendant, Dr. Winstead, failed to appropriately assess, monitor, diagnose and treat Plaintiff's condition, including progressing decompression sickness, as described herein.

84.     Defendants, Dr. Winstead and GEPS, owed Plaintiff a duty to provide medical care and treatment to him which met or exceeded the prevailing standard of care for Emergency Department physicians.

85.     Defendants, Dr. Winstead and GEPS, failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

86.     Defendant, GEPS, by and through its employees, including Dr. Winstead, failed to meet the applicable prevailing professional standard of care in the treatment he provided to Plaintiff, and thus breached the duty owed to Plaintiff, including, without limitation, failing to adequately assess, monitor, diagnose and treat Plaintiff's decompression sickness on or about December 17, 2011.  Defendant, GEPS' failures, by and through its employees, including Dr. Winstead, to provide appropriate care include, without limitation:

    (a)    Failure to meet the national standard of care which provides that a symptomatic diver should be brought to recompression and rendered treatment as soon as possible; and

    (b)    Failure to timely, adequately and appropriately implement measures to expedite getting Plaintiff's hyperbaric oxygen therapy started.

87.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendants, Dr. Winstead and GEPS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendants, Jonathan M. Winstead, M.D. and Georgia Emergency Physician Specialists, LLC.

**COUNT VIII – MEDICAL NEGLIGENCE AGAINST
MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC.
- DIRECT LIABILITY**

88.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

89.     As a result of Plaintiff's presentation to Defendant, Memorial, Defendant, Memorial, owed Plaintiff a duty to meet the prevailing professional standard of care for Emergency Departments and hospitals and to provide emergency medical services.

90.     Defendant, Memorial, and its employees, representatives and/or agents failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

91.     Defendant, Memorial, and its employees breached a duty to Plaintiff by allowing him to develop life-threatening conditions and permanent physical impairment, including incomplete quadripareses.  Defendant, Memorial's, failure to provide appropriate care includes, without limitation: :

      (a)    Failure to meet the national standard of care which provides that a symptomatic diver should be brought to recompression and rendered treatment as soon as possible; and

      (b)    Failure to timely, adequately and appropriately implement measures to expedite getting Plaintiff's hyperbaric oxygen therapy started.

92.     As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendant, Memorial, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Memorial Health University Medical Center, Inc.

## COUNT IX – MEDICAL NEGLIGENCE AGAINST MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC. – *VICARIOUS LIABILITY*

93.     Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42 and 79 - 87.

94.    Defendant, Dr. Winstead, was an employee and/or actual agent of Defendant, Memorial, on December 17, 2011.

95.    At all times material hereto, Defendant, Memorial, is liable and responsible for the negligent and tortious conduct of Defendants, Dr. Winstead and GEPS, because Dr. Winstead was acting within the scope of his employment under the doctrine of *Respondeat Superior.*

96.    As a result of Plaintiff's subject presentation at Defendant, Memorial's, emergency department, Defendant, Memorial, owed Plaintiff a duty to meet the prevailing professional standard of care for Emergency Departments and hospitals.

97.    Defendant, Memorial, had non-delegable duties to provide appropriate and competent emergency services to Plaintiff.  Said non-delegable duties arise from state and federal law mandating that the hospital provide these services, the licensure of Defendant, Memorial, which authorizes and requires it to provide these services, the contracts between Defendant, Dr. Winstead, and Defendant, Memorial, the bills submitted to Plaintiff, and contractual duties owed to Plaintiff.

98.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, Memorial, and the

remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Memorial Health University Medical Center, Inc.

## COUNT X – ORDINARY NEGLIGENCE AGAINST MEMORIAL HEALTH UNIVERSITY MEDICAL CENTER, INC.

99.    Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

100.    At all times material hereto, employees, representatives and/or agents of Defendant, Memorial, were negligent in taking care of the Plaintiff while a patient at Memorial.

101.    Specifically, employees, representatives and/or agents of Defendant, Memorial, were negligent in taking care of the Plaintiff while a patient at Memorial for reasons including, but not limited to, failures in communicating, handling and facilitating the timely and appropriate transfer of Plaintiff to a medical facility that could provide timely and appropriate treatment for decompression sickness.

102.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, Memorial, and the

remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Memorial Health University Medical Center, Inc.

## COUNT XI – MEDICAL NEGLIGENCE AGAINST GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC – *RESPONDEAT SUPERIOR*

103.    Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

104.    At all times material hereto, Defendant, Dr. Winstead, was an employee and/or actual agent of Defendant, GEPS, on December 17, 2011, at the time of the negligence and tortious conduct, as set forth in this Complaint.  Defendant, Dr. Winstead, was acting within the scope of his employment with Defendant, GEPS.

105.    At all times material hereto, Defendant, GEPS, is liable and responsible for the negligent and tortious acts of Defendant, Dr. Winstead, because he was acting within the course and scope of his employment under the doctrine of *Respondeat Superior*.

106.    Defendant, GEPS, and its employees, representatives and/or agents failed to exercise that degree of care and skill ordinarily exercised by medical professionals in Georgia under like and similar circumstances.

107.    Defendant, GEPS, had non-delegable duties to provide appropriate and competent emergency services to Plaintiff.  Said non-delegable duties arise from the licensure of Defendant, GEPS, which authorizes it to provide these services, the contracts between

Defendant, Dr. Winstead, and Defendant, GEPS, the bills submitted to Plaintiff, and contractual duties owed to Plaintiff.

108.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income and loss of the ability to earn income.  In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other permanent compensable damages. Defendant, GEPS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorneys' fees, pre-judgment interest, damages and costs against Defendant, Georgia Emergency Physician Specialists, LLC.

## COUNT XII – ORDINARY NEGLIGENCE AGAINST GEORGIA EMERGENCY PHYSICIAN SPECIALISTS, LLC

109.    Plaintiff hereby re-alleges and incorporates herein the allegations contained in paragraphs 1 through 42.

110.    At all times material hereto, employees, representatives and/or agents of Defendant, GEPS, were negligent in taking care of the Plaintiff while a patient at Memorial.

111.    Specifically, employees, representatives and/or agents of Defendant, GEPS, were negligent in taking care of the Plaintiff while a patient at Memorial for reasons including, but not limited to, failures in communicating, handling and facilitating the timely and

appropriate transfer of Plaintiff to a medical facility that could provide timely and appropriate treatment for decompression sickness.

112.    As a direct and proximate result of the duties and failures described herein and above, Plaintiff suffered and will continue to suffer bodily injury, pain and suffering, disfigurement, emotional distress, loss of capacity for the enjoyment of life, loss of income, and loss of the ability to earn income. In addition, Plaintiff incurred and continues to incur obligations to pay for varied services, including custodial care, nursing care, hospitalizations and medications, and he has suffered other compensable damages. Defendant, GEPS, and the remaining Defendants in this case are jointly and severally liable for the damages to Plaintiff as set forth herein.

WHEREFORE, Plaintiff, Steven Morris Cohen, demands judgment for attorney's fees, pre-judgment interest, damages and costs against Defendant, Georgia Emergency Physician Specialists, LLC.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1. For compensatory (special or economic and general or non-economic) damages in an amount in excess of $75,000.00 as provided by law and to be supported by the evidence at trial;

2. For pre-judgment and post judgment interest;

3. For the costs of suit; and

4. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable.

### CERTIFICATE OF COUNSEL OF REASONABLE INVESTIGATION

The undersigned counsel hereby certifies that they have performed a reasonable investigation which has given rise to a good faith belief that grounds exist for an action against each named Defendant herein.

**EDWARDS & RAGATZ, P.A.**

**/s/ Thomas S. Edwards, Jr.**
**Thomas S. Edwards, Jr., Esquire**
Florida Bar No. 395821
**Lindsay L. Tygart, Esquire**
Florida Bar No. 28578
501 Riverside Avenue, Suite 601
Jacksonville, Florida 32202
(904) 399-1609
(904) 399-1615 Facsimile
*Attorneys for Plaintiffs*
service@edwardsragatz.com
tse@edwardsragatz.com
llt@edwardsragatz.com
hlb@edwardsragatz.com
kah@edwardsragatz.com

*Pro Hac Vice Admission Pending*

**FERRELLE BURNS**

**/s/ J. Rice Ferrelle, Jr.**
**JOHN R. FERRELLE**
Georgia Bar No. 259225
ferrelle@bellsouth.net
**J. RICE FERRELLE, JR.**
Georgia Bar No. 409308
rferrelle@ferrelleburnslaw.com
777 Gloucester Street, Suite 411

Brunswick, GA 31520
Phone: (912) 264-0209
Facsimile: (912) 264-0453
**Local Counsel for Plaintiff**